Rollins and others vs. Russell, impleaded with another:

*Reversal on evidence: trial by court alone.*

In an action against A. and B. on paper executed in their firm name, A.'s defense was that the consideration of the paper was advanced for the sole use of B.; but, the court below having found the facts against such defense, this courts affirms a judgment for plaintiffs, in the absence of a preponderance of evidence against the finding.

APPEAL from the County Court of *Winnebago* County.

Action upon a check made in the firm name of W. H. Ballou & Co., running to J. M. Rollins & Co., or bearer. The plaintiffs constitute the firm of J. M. Rollins & Co. The defendant *Russell* was a member of the firm of W. H. Ballou & Co., and was also cashier of the bank upon which the check was drawn; and as such cashier he refused to pay the check when presented. His defense in this action is, that the check was made and delivered in payment of the individual debt of

W. H. Ballou, without authority of his copartner; and that plaintiffs took it with knowledge of the facts.

The finding of the county court is sufficiently stated in the opinion.

The defendant *Russell* appealed from a judgment for the plaintiffs against both defendants.

For the appellant, there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.

*Moses Hooper*, for the respondent.

COLE, J. The county court found as a fact established by the evidence, that the plaintiffs were the innocent holders of the check in question for value; that said value was given to Walter H. Ballou for the use and benefit of the firm of W. H. Ballou & Co., and what use the said Walter H. Ballou intended to make of the same was not known to the plaintiffs, who had no notice thereof. If this finding is to stand, it establishes fully the liability of the defendants to pay the check. It is said by the counsel for the defendants, that the court did not reach a correct conclusion upon the facts; that the testimony showed that the check was given for the private debt of Ballou, and that the plaintiff *Rollins* took the instrument with notice of the consideration. But we do not think there is any such preponderance of testimony against the finding of the court below upon this point, as will justify us in holding the contrary, and saying that the proof satisfactorily shows that *Rollins* had notice that the check exchanged for the one in suit was to be used by Ballou for the purpose of paying his private debt, if it was in fact so used. And there is just as little ground for saying that the evidence shows that *Rollins* dealt, and intended to deal, with Ballou alone, and not with the firm of which he was a member. Indeed, it seems to us that there is good reason for concluding from all the evidence, not only that the plaintiffs are innocent holders for value of the check, but that the consideration for the check inured to

the benefit of the firm of which the defendant *Russell* was a member.

We think the judgment of the county court must be affirmed.
*By the Court.* — Judgment affirmed.